## In re MANDEL.

District Court, S. D. New York.
March 31, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Edward C. Wallace, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Philip S. Birnbaum, of New York City, for defendant Max Mandel.

MOSCOWITZ, District Judge.

This is a motion made by the petitioner Max Mandel, restraining the United States Attorney and the director of the Federal Bureau of Investigation from using any of the documents, books, records, papers, automotive parts and equipment seized from the petitioner, or any information directly or indictly obtained therefrom, as evidence "in this proceeding" and further directing the return of the property and articles mentioned to the petitioner.

It will be noted that the motion papers entitle the proceeding as follows:

United States District Court
Southern District of New York

United States of America,

       Plaintiff,

 — against —

John Kowalchuck, Morris Jack Glyder, Jacob Weinberg, Mike Brown, Max Mandel, et al,

       Defendants.

In the Matter of the Application of Max Mandel, for the return of any and all property, documents, papers etc., belonging to the applicant and for such other relief growing out of a search of premises 314 West 90th Street, and 860 10th Avenue, New York City, and the seizure of such property.

█ No proof has been offered that there is any proceeding in this Court entitled, United States of America against John Kowalchuck, Morris Jack Glyder, Jacob Weinberg, Mike Brown, Max Mandel, et al, defendants. The application will therefore be considered as having been made by the petitioner for the return of property, documents, papers, etc. belonging to him.

█ A person may in an instance where an indictment or information has not been filed against the petitioner in the district where his property is seized, commence a proceeding for such relief. See Weinberg v. United States of America, 2 Cir., —— F.2d ——, decided March 11, 1942. If an indictment or information is filed against a defendant, proper procedure requires the defendant to make an application in the case in which the indictment or information were filed. The Court has recognized that this is an independent proceeding and that the order refusing the return of the property is final and appealable. Weinberg v. United States, supra.

A removal complaint for the removal to the United States District Court, Eastern District of Michigan, Southern Division, was filed on December 1, 1941, against the petitioner in this district and a warrant was issued for his arrest. The petitioner was arrested on December 3, 1941, and arraigned before one of the United States Commissioners on December 4, 1941.

The petitioner claims that the search and seizure of his property was a violation of "his constitutional rights" and that such search and seizure has deprived him of his property in violation of the Fourth and Fifth Amendments to the Constitution of the United States.

█ No affidavits have been submitted in opposition to the affidavit of Edward C. Wallace, verified March 24th, 1942, the affidavit of Bernard C. Brown, verified March 23rd, 1942, the affidavit of Russell E. White, verified March 23rd, 1942, the affidavit of H. Q. Boone, verified March 23rd, 1942, the affidavit of James G. Woods, verified March 24, 1942, and the affidavit of Clifford J. Nelson, verified March 24th, 1942. The Court will therefore accept the statements contained in such affidavits as true. If they were not true they should have been denied by the petitioner under oath. He has seen fit not to do so.

█ It will be noted that in the moving papers there is not one word mentioned by the petitioner that he had signed a statement giving permission to the agents of the Federal Bureau of Investigation to remove from the storeroom at 858 10th Avenue, New York City, the merchandise "believed to be stolen from the Ford Motor Company in Detroit, Michigan." He has failed to deny these facts. An examination of all the papers indicates that the petitioner consented to the search and his complete acquiescence therein.

Defendant, with the consent of his attorney Mr. Philip S. Birnbaum, signed a statement. Prior to signing the statement same was examined by his attorney and changes were made therein and the statement was signed in the presence of Mr. Birnbaum. There is contained in the statement, according to the affidavit of Mr. Bernard C. Brown, page 3, "I have given permission to the Agents of the Federal Bureau of Investigation to remove from my storeroom at 858-10th Avenue, New York City, all merchandise believed to be stolen from the Ford Motor Company in

672

Detroit, Michigan. I am doing this to be cooperative with the Government".

The above statement was made on December 4th, 1941. Relying on the written consent by the petitioner the merchandise was transported to Detroit, Michigan, in February, 1942. This was three months after the search and seizure of which the petitioner now complains. Application is made almost four months after the time the petitioner's property was seized.

The petitioner Max Mandel, alias H. Barker, was indicted in the United States District Court, Eastern District of Michigan, Southern Division, on an indictment filed December 19, 1941, but evidently the property and documents which were seized are of some value to the Government in the prosecution of the petitioner under this indictment.

A defendant can consent to the search of his property and if such search is made as a result of such consent or with the acquiescence of the defendant, such search does not violate the Constitution of the United States. Here the petitioner was represented by an attorney, the attorney who appears for him in this proceeding and no claim is made by petitioner that his attorney was not sufficiently informed to advise him. The petitioner upon the advice of his attorney signed a paper acquiescing in the search. He should not be relieved of this consent and acquiescence.

Motion denied.